IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHNEASTERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | CV-2023 |
| ) | JURY DEMAND |
| ) | 5:23cv55-MHH |
| BLUE ORIGIN ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

### I.  JURISDICTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (hereinafter "ADEA") which provide for relief against discrimination in employment on the basis of age discrimination. Specifically, Plaintiff alleges that the Defendant discriminated against him based upon his age in the terms and conditions of his employment, including, hiring opportunities. The Plaintiff seeks compensatory, punitive damages and liquidated damages and requests a jury trial

1

pursuant to 42 U.S.C. §1981a.

2. Plaintiff alleges defendant unlawfully discriminated against him based on age in the terms and conditions of his employment.

## JURISDICTION AND VENUE

3. The unlawful employment practices alleged hereinbelow were committed by the Defendant within Huntsville, Madison County, Alabama. Venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5.

4. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4), and The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

5. Jurisdiction over this action is also conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6. Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

7. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## PARTIES

8. Plaintiff David Rowan (hereinafter sometimes referred to as "Plaintiff" or "Rowan") is a 64-year-old Caucasian male citizen of the United States, and a resident of the State of Alabama. Rowan has applied for multiple employment

positions with the Defendant during the relevant time period.

9. Defendant, Blue Origin Alabama, LLC (hereinafter sometimes referred to as "Defendant" or "Blue Origin") is an employer within the meaning of the ADEA. At all times relevant to this action, Defendant has employed at least twenty (20) or more employees within the meaning of the ADEA, 29 U.S.C. §630(b).

10. Blue Origin is located and doing business with this District and Division.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff has met all administrative conditions precedent for the filing of this case under The Age Discrimination in Employment Act.

12. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") setting forth claims of age discrimination against the Defendant within 180 days of the occurrence of the last discriminatory act. Plaintiff received his right to sue from the EEOC after October 18, 2022. Plaintiff has timely brought this action within 90 days of his receipt of his Right-To-Sue Notice from the EEOC.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northeastern District of Alabama under 28

U.S.C. §1391(b).

14. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## FACTS

15. Over the last couple of years, Plaintiff has applied for approximately fourteen (14) vacant positions with Defendant, some of which include but are not limited to, Computer Programmer III in or about May and/or June 2022, CNC Programmer III- 1st Shift; CNC Tooling Technician Off-Shifts, applied August 9, 2022; CNC Machinist – Second Shift Weekend (Varstaff); CNC Machinist-Second Shift Weekend (Rainer Recruiting), applied March 4, 2022; CNC Tooling Technician I – First Shift, applied February 21, 2022; Electrical Discharge Machinist-Second Shift, applied July 12, 2021; CNC Programmer (all shifts), applied November 14, 2022; Senior Machinist/EDM Specialist; CNC Machinist-Second Shift, applied April 5, 2022; CNC Machinist; Machine Shop Supervisor; Senior CNC Programmer.

16. Plaintiff has been qualified to fill each of the positions for which he has applied with Defendant.

17. Plaintiff has been interviewed for these positions, via telephone and

4

Zoom. The interviews were conducted by Technical Screening Representatives who appeared to be much younger than Plaintiff.

19. During some of his interviews, the interviewers asked leading questions that may tell them the plaintiff's approximate age. For example, in one of his later interviews Plaintiff was asked when he graduated from high school.

19. During the times that he has applied and interviewed, the interviewers have informed the plaintiff that he was very qualified and experienced for the position in which he applied. Plaintiff has further been informed that they (interviewers) were going to recommend him to Human Resources for its hiring approval.

20. However, Plaintiff has not been hired for any of the positions for which he has applied with Defendant.

21. On or about October 11, 2022, Plaintiff learned that Christian Bureriu, a former Senior Aerospace Software Engineer and Team Lead for Blue Origin, was told during the time he acted as an interviewer with Blue Origin that he needed to "look for younger candidates to hire because 'younger guys are more coachable.'" Bureriu has filed a wrongful termination lawsuit against Defendant in California. According to Bureriu's lawsuit, he was discouraged by management from hiring

5

anyone who was not in their 20's or 30's.

22. Bureriu also alleges that he had observed an ongoing pattern of age discrimination by Defendant. According to Bureriu, Defendant has gotten rid of approximately 20 employees in his department, almost everyone over the age of 40. Each of these individuals was replaced by someone in their 20's and 30's. At the time he was terminated in May 2022, Bureriu and his supervisor were the only employees over the age of 40 in his department.

23. According to Bureriu's Complaint, in approximately July 2021, Bureriu made a complaint to HR about the company's preference for hiring younger employees. Not long after he made this complaint to HR, Bureriu was removed from the company's interview panel, even though he had been on a panel since early in his employment.

## CAUSE OF ACTION - AGE DISCRIMINATION

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effects as if fully set out in specific detail herein below. This Count addresses those claims seeking to redress the unlawful employment practice of age discrimination conducted by Defendant's agents and employees and ratified by Defendant and protected by federal law that prohibits age

discrimination.

25. This is an action to redress grievances resulting from acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment and for a permanent injunction restraining Defendant from maintaining a policy and practice of discriminating against the Plaintiff and other persons similarly situated on account of age.

26. Plaintiff is 64 years of age and a member of a protected group.

27. Plaintiff was subjected to discriminatory treatment by Defendant and has not been hired for the positions he applied for because of his age.

28. As described above, Defendant has a pattern and practice of discrimination against older employees and applicants and favors hiring applicants who are younger than 40 years old. Plaintiff's allegations, as set forth above, present a convincing mosaic of circumstantial evidence which supports a finding of intentional age discrimination.

29. Plaintiff was directly affected by the discriminatory practices described in this Complaint and as a result of his age has not been hired for a position by Defendant.

30. The systemic discrimination, as previously set forth, further adversely

affected Plaintiff by promoting and reinforcing age bias in the workplace.

31. Defendant intentionally and maliciously discriminated against the Plaintiff by treating him differently in the terms and conditions of his employment and by discriminatorily not hiring him for positions in which he was qualified to fill. All of this conduct was in violation of ADEA.

32. As a proximate result of Defendant's unlawful intentional discrimination, Plaintiff suffered different treatment than younger applicants and was deprived of income and other benefits due to him.

33. Plaintiff seeks declaratory and injunctive relief, reinstatement, award of lost employment benefits and wages, back pay, front pay, interest, liquidated damages, costs, attorneys' fees, and any and all other such relief the trier of fact may assess.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back-pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

35. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct in violation of ADEA as set forth herein unless

enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff request the following relief:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant are violative of the rights of the Plaintiff, as secured by Title VII and ADEA.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

3. Grant the Plaintiff an order requiring the Defendant to make him whole by awarding Plaintiff instatement into the position(s) he would have occupied in the absence of age discrimination by Defendant with the same seniority, leave and other benefits of the position (or front-pay), back-pay (with interest), lost benefits, and by also awarding liquidated damages, attorney's fees, costs, and expenses.

4. Award Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action.

5. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

Plaintiff demands a trial by jury on all claims triable to a jury.

Respectfully submitted,

Kevin W. Jent
Counsel for Plaintiff
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
kjent@wigginschilds.com

**DEFENDANT'S ADDRESS:**
Serve Via Certified Mail -

Blue Origin Alabama, LLC
c/o Registered Agent
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104